IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| SUSAN MOJICA,<br>individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>SECURUS TECHNOLOGIES, INC.,<br><br>　　　　　Defendant. | Civil Action No. 14-5258<br><br>Honorable Timothy L. Brooks |

**SECURUS TECHNOLOGIES, INC.'S PARTIAL MOTION TO DISMISS,
MOTION TO STRIKE, AND MOTION TO STAY
OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT**

Pursuant to Rules 12(b)(6), 12(e), 12(f) and 23 of the Federal Rules of Civil Procedure, Local Rule 7.2, and applicable common law, Defendant Securus Technologies, Inc. ("Defendant" or "Securus") respectfully moves the Court to: (1) strike Plaintiff's unjust enrichment claim in its entirety; (2) dismiss Plaintiff's claims and strike all allegations to the extent they are barred by the applicable statute of limitations; and (3) stay this case. Should the Court decline to stay this case, Securus respectfully moves the Court to compel Plaintiff to provide a more definite statement.

As grounds for this Motion, and as further explained in the Memorandum filed herewith, Securus states as follows:

1.　The Court should stay this case until the conclusion of proceedings at the U.S. Court of Appeals for the D.C. Circuit and the Federal Communications Commission ("FCC"), both of which have a direct bearing on the outcome of this litigation. Plaintiff's claims hinge on the validity of the interstate inmate calling services ("ICS") rules promulgated in the FCC's

*Inmate Rate Order.*[1] The D.C. Circuit has stayed most of the rules in the *Inmate Rate Order* pending its review; the entire order has been appealed by several ICS providers and correctional authorities.[2] It is pointless to spend limited judicial time and resources to determine how to apply the FCC's new rules when all of those rules are being reviewed by the D.C. Circuit. In addition, the FCC is currently undergoing a second rulemaking proceeding which will further clarify, and amend, the rules on which the Complaint solely relies.

2. The Court should at this time dismiss Plaintiff's claims and strike all allegations to the extent they reach beyond the two-year limitations period in the Federal Communications Act of 1934 (the "Act"), 47 U.S.C. § 415(c), which governs Plaintiff's claims. Plaintiff's individual and class claims seek relief for Securus's allegedly unlawful conduct over an almost 15-year period. This is plainly barred by the two-year statute of limitations period under the Act. The limitations period was never tolled, and Plaintiff's assertions to the contrary defy logic and well-established applicable law.

3. The Court also should strike the claim for unjust enrichment in its entirety, without leave to amend. Plaintiff's proposed nationwide class cannot satisfy Fed. R. Civ. P. 23. First, the claim requires application of the common law of every state from which inmate calls originated, rendering the class unmanageable. Further, application of that variegated authority destroys commonality and predominance, as does the overwhelming amount of individual evidence that each class member must proffer in order to prove liability.

4. Finally, in the event this Court finds it appropriate to adjudicate the remainder of Plaintiff's claims now, Plaintiff must provide a more definite statement pursuant to Fed. R. Civ.

---

[1] *Rates for Interstate Inmate Calling Services*, Report and Order and Further Notice of Proposed Rulemaking, WC Docket No. 12-375, 28 FCC Rcd. 14107 (2013).

[2] *See Securus Techs., Inc. v. FCC*, No. 13-1280, Order Upon Consideration of the Motions for Stay, ECF No. 1474764 at 1 (D.C. Cir. Jan. 13, 2014).

P. 12(e).  Plaintiff has refused to identify the name and location of the facility from which she received collect, inmate-initiated, interstate calls.  The law of that state could very well be dispositive of Plaintiff's claims: certain states require Securus to pay the site commissions which Plaintiff alleges are unreasonable and unlawful.  In addition, the terms of the governing public contract may have obligated Securus to pay site commissions.  Absent this crucial information about the inmate's location, which is fully in Plaintiff's possession, Securus cannot determine applicable threshold defenses or reasonably be expected to prepare a responsive pleading.

WHEREFORE, for the reasons set forth above, Defendant Securus Technologies, Inc. respectfully requests that the Court:

(1)  Dismiss Plaintiff's individual claims and strike class allegations to the extent they seek damages incurred more than two years before the filing of the Complaint; and

(2)  Strike Plaintiff's class allegations of unjust enrichment in their entirety, without leave to amend; and

(3)  Stay this case until the D.C. Circuit completes its review of the *Inmate Rate Order* and the FCC completes its ongoing rulemaking; and

(4)  Provide such further relief as the Court deems just and proper.

Should the Court decline to stay the remainder of this case, Securus respectfully requests that the Court grant its Motion for More Definite Statement and order Plaintiff to state the name and location of the correctional facility from which inmate-initiated calls were placed.

Dated: September 15, 2014    Respectfully submitted,

**SECURUS TECHNOLOGIES, INC.**

By: /s/ Woody Bassett
Woody Bassett [AR Bar No.77006]
James M. Graves [AR Bar No. 95172]
Bassett Law Firm LLP
221 North College Avenue
P.O. Box 3618
Fayetteville, AR 72702
Tel. 479.521.9996
Fax 479.521.9600
WBassett@bassettlawfirm.com
JGraves@bassettlawfirm.com

Stephanie A. Joyce *
Arent Fox LLP
1717 K Street, N.W.
Washington, D.C. 20006
Tel. 202.857.6081
Fax 202.857.6395
Stephanie.Joyce@arentfox.com

*Motion for Admission *Pro Hac Vice* Pending

### CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of September, 2014, I electronically filed the foregoing with the Clerk of the United States District Court for the Western District of Arkansas, using the CM/ECF system which sent notification of such filing to all CM/ECF participants of record.

/s/ Woody Bassett
Woody Bassett