IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SUSAN MOJICA                                                                                PLAINTIFF

V.                              CASE NO. 5:14-CV-5258

SECURUS TECHNOLOGIES, INC.                                                 DEFENDANT

## OPINION AND ORDER

Currently before the Court are Defendant Securus Technologies, Inc's Opposed Motion for Entry of Amended Protective Order (Doc. 79), Plaintiff Susan Mojica's Memorandum of Law in Opposition (Doc. 80), and Defendant's Reply (Doc. 82). On September 28, 2015, the Court entered an Order (Doc. 78) directing the parties "to provide the Court with a joint stipulation . . . by no later than October 9, 2015" to an amendment to the Protective Order (Doc. 50) currently in place,

> so as to prohibit the viewing or sharing of the unredacted FCC Cost Study with anyone inside or outside Ms. Mojica's litigation team—other than a very limited number of attorneys or experts who have been specifically designated by Ms. Mojica and specifically approved by Securus. Those attorneys or experts so designated and approved will become personally liable (jointly and severally with all attorneys of record) to Securus for any breaches of confidentiality as to the FCC Cost Study.

(Doc. 78, p. 2).

The parties made a good deal of progress negotiating a joint stipulation pursuant to the Court's Order, but unfortunately they were unable to completely close the gap prior to the expiration of the deadline. Instead, Defendant filed the instant Motion on the day of the deadline, and attached its proposed amendment to the Protective Order as an exhibit to that Motion. Likewise, Plaintiff attached her proposed amendment to her

1

Opposition. Thus, for the second time in this case the Court finds dueling proposed protective orders on its desk.

Of those two proposals, only Defendant's comports with the process that the Court outlined in its September 28 Order. Plaintiff proposes instead a procedure by which Defendant pre-identifies specific individuals to which it would object being given access to the unredacted FCC Cost Study, and by which Plaintiff identifies to the Court *in camera* her retained consultants or experts who will have access to the unredacted FCC Cost Study. Plaintiff argues that this procedure is a less intrusive but equally effective means of balancing the parties' respective interests surrounding discovery of the unredacted FCC Cost Study. However, the Court believes Plaintiff's proposal would not adequately protect Defendant's confidentiality interests because, as Defendant observes, "Securus does not know every employee who is or was directly or indirectly employed by other ICS providers, nor every firm, independent consultant, or expert that could have a business conflict with Securus." (Doc. 79, p. 7).

Plaintiff also argues that Defendant has not made a showing of "exceptional circumstances" that would justify requiring Plaintiff to specifically identify experts who will be given access to the unredacted FCC Cost Study. *Cf.* Fed. R. Civ. P. 26(b)(4)(D)(ii); *see also State Auto. Ins. Cos. v. Briley*, 140 F.R.D. 394, 397 (E.D. Mo. 1992) (citing *Kuster v. Harner*, 109 F.R.D. 372, 375 (D. Minn. 1986) and *Agar v. Stormont Hosp. and Training Sch. for Nurses*, 622 F.2d 496, 503 (10th Cir. 1980) for the proposition that "discovery of the identity . . . [of] non-testifying experts could only be compelled upon a showing of exceptional circumstances"). The Court disagrees. The exceptional circumstance here is present in the extremely sensitive and confidential nature of the unredacted FCC Cost

Study, and the corresponding disclosure the Court would require of Plaintiff for access to it is the bare minimum necessary to safeguard that information's confidentiality. Defendant's proposed language would already prohibit Defendant from contacting experts or consultants identified by Plaintiff without Plaintiff's consent. See Doc. 79-1, p. 10. Plaintiff's concerns can be further ameliorated by adding the following language to the end of Section III.L. of Defendant's proposed amended protective order: "All notifications made pursuant to this paragraph shall be treated as CONFIDENTIAL information by Securus in accordance with Section III.B. of this Protective Order."

**IT IS THEREFORE ORDERED** that Defendant Securus Technologies, Inc's Opposed Motion for Entry of Amended Protective Order (Doc. 79) is **GRANTED IN PART AND DENIED IN PART** as follows: the Court will enter the proposed amended protective order that Defendant filed in this case at Doc. 79-1, but with the additional language set forth in the preceding paragraph of this Order. Counsel for Defendant is instructed to email the Court, within three days of this Order's entry, an editable, non-filemarked Word or WordPerfect copy of the proposed amended protective order that was filed in this case at Doc. 79-1, containing the additional language set forth *supra*.

**IT IS SO ORDERED** on this 3rd day of November, 2015.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE