IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| SUSAN MOJICA and THOMAS MOJICA | PLAINTIFFS |
| V.  CASE NO. 5:14-CV-5258 | |
| SECURUS TECHNOLOGIES, INC. | DEFENDANT |

## OPINION AND ORDER

On February 10, 2017, Plaintiffs noticed the deposition of Securus CEO Richard Smith, to be held on March 30 at 9:30am; the notice was served by email. On February 17, 2017, Plaintiffs noticed the deposition of Securus President Robert Pickens, to be held on March 29 at 9:30am; this notice was also served by email. On March 7, 2017, Securus emailed Plaintiffs with objections to these notices, including objections premised on the so-called "apex doctrine." The parties have been unable to resolve this dispute, so the Court held a telephone conference on the matter on March 17, 2017, at 1:15pm.

Notice, without a subpoena, is sufficient to compel the deposition of "a party or a party's officer, director, or managing agent." *See* Rule 37(d)(1)(A)(i); *Gowan Mid Century Ins. Co.*, 309 F.R.D. 503, 513 (D.S.D. 2015). The Federal Rules of Civil Procedure state that "[o]n timely motion," a court must quash or modify a subpoena that "subjects a person to undue burden," Rule 45(d)(3)(A)(iv). The Rule does not define "timely" here, but in the context of subpoenas *duces tecum* (which these are not), the Rule requires objections to be "served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Here, the objections were made 18 and 25 days after service. The Court believes that, at least in the context of this particular case, given the tight discovery

1

schedule that all parties and counsel realize we are on, 14 days is a reasonable deadline for timeliness, and accordingly, these objections were not timely.

But nevertheless proceeding to the merits of the objections: it appears there are no Eighth Circuit cases applying, rejecting, or even discussing the "apex doctrine" as such. *See Bank of the Ozarks v. Capital Mortg. Corp.*, 2012 WL 2930479, at *1 (E.D. Ark. Jul. 18, 2012) ("[T]here is no controlling authority that directs this Court to apply the doctrine."). There is an unpublished opinion from 2007 in the Western District of Arkansas, authored by Magistrate Judge Marschewski, which discusses the apex doctrine and declines to apply it under the facts of that case. "The 'apex doctrine' protects high-level corporate officials from deposition unless (1) the executive has unique or special knowledge of the facts at issue and (2) other less burdensome avenues for obtaining the information sought have been exhausted. This doctrine is normally aimed at high level decision makers who have no particular direct knowledge of the facts pertaining to the particular lawsuit." *Wal-Mart Stores, Inc. v. Vidalakis*, 2007 WL 4591569, at *1 (W.D. Ark. Dec. 28, 2007) (internal citation omitted). Sometimes courts will take "a wait-and-see approach in fashioning an order resolving these types of discovery disputes," by postponing the challenged depositions until after other discovery avenues have been exhausted and shown to be inadequate. *Bank of the Ozarks*, 2012 WL 2930479, at *2.

Here, the Court believes Messrs. Smith and Pickens possess unique or special knowledge of the facts at issue, numerous examples of which were recited by Plaintiffs' counsel during the hearing. "This is not a case where a personal injury plaintiff is seeking to depose the CEO of Chrysler Corporation, or where a policy holder was suing for

2

improper denial of a claim and sought to depose a high level executive." *Vidalakis*, 2007 WL 4591569, at *2. Rather, this is a case involving a challenge to a core, nationwide business practice of Securus's. Furthermore, the Court does not believe a "wait-and-see" approach is practical here, given that it has imposed a very tight schedule on the parties for merits discovery; these depositions are set to occur on March 29 and 30, and the fact-discovery cutoff date is April 14, 2017. (Doc. 189, p. 2).

**IT IS THEREFORE ORDERED** that Messrs. Smith and Pickens are required to give their depositions as noticed by Plaintiffs, provided that Plaintiffs must reasonably accommodate the schedules of Messrs. Smith and Pickens, and provided further that each deposition shall last no longer than four hours and shall be held no later than April 7, 2017.

**IT IS SO ORDERED** on this 17th day of March, 2017.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE