**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

**SUSAN MOJICA and THOMAS MOJICA**                                     **PLAINTIFFS**

**V.**                      **CASE NO. 5:14-CV-5258**

**SECURUS TECHNOLOGIES, INC.**                                    **DEFENDANT**

## <u>OPINION AND ORDER</u>

Currently before the Court are:

- Plaintiffs Susan Mojica's and Thomas Mojica's Motion for Partial Summary Judgment (Doc. 237), Memorandum of Law in Support (Doc. 238), and Statement of Facts (Doc. 239); Defendant Securus Technologies, Inc.'s ("Securus") Memorandum of Law in Opposition (Doc. 319) and Response to Plaintiffs' Statement of Facts (Doc. 320); and Plaintiffs' Reply (Doc. 336);

- Securus's Motion for Summary Judgment (Doc. 232), Memorandum of Law in Support (Doc. 233), and Statement of Facts (Doc. 234); Plaintiffs' Memorandum of Law in Opposition (Doc. 324) and Response to Securus's Statement of Facts (Doc. 318); and Securus's Reply (Doc. 330);

- Securus's Motion for Class Decertification (Doc. 224), Memorandum in Support (Doc. 225), and Request for Judicial Notice (Doc. 226); Plaintiffs' Responses in Opposition to Securus's Motion for Class Decertification (Doc. 322) and to Securus's Request for Judicial Notice (Doc. 323); and Securus's Replies in Support of its Motion for Class Decertification (Doc. 331) and of its Request for Judicial Notice (Doc. 332); and

- Securus's Motion for Primary Jurisdiction Referral (Doc. 200) and Memorandum in Support (Doc. 200-1); Plaintiffs' Response in Opposition (Doc. 201); Securus's Reply (Doc. 205); Plaintiffs' Sur-Reply (Doc. 207); and Securus's Supplemental Memorandum of Law in Support (Doc. 329).

For the reasons given below, the Court will **DEFER RULING** on these and all other pending Motions in this case, and will **ADMINISTRATIVELY STAY ALL PROCEEDINGS** in this case until the resolution of any petition for rehearing *en banc* that may be filed in the case of *Global Tel*Link v. FCC*, 859 F.3d 39 (D.C. Cir. 2017).

## I. DISCUSSION

Securus provides inmate telephone calling services ("ICS") at correctional facilities throughout the United States. Plaintiffs have brought this class action against Securus, alleging that Securus charged them unjust and unreasonable rates for interstate ICS calls in violation of the Federal Communications Act ("FCA") at 47 U.S.C. § 201 *et seq.* and the common law of unjust enrichment. *See* Doc. 171. On February 3, 2017, this Court certified a nationwide class for Plaintiffs' FCA claims, along with two subclasses for their unjust enrichment claims. *See* Doc. 187. Discovery in this case has concluded, and trial is set to occur during the two-week term beginning on July 24, 2017. *See* Doc. 189, pp. 1, 3.

The original complaint in this lawsuit was filed on August 14, 2014. *See* Doc. 1. On October 20 of that year, Securus filed a motion asking this Court to refer this case to the Federal Communications Commission ("FCC"), or in the alternative to stay these proceedings, *see* Doc. 10, pending the resolution of an appeal in the D.C. Circuit from a September 26, 2013 Report and Order and Further Notice of Proposed Rulemaking

("Interim Rate Order") by the FCC which set interim caps on rates for interstate ICS, *see* D.C. Cir. Case No. 13-1280, Doc. 1470703. But then on December 10 of that year, the FCC asked the D.C. Circuit to hold that case in abeyance "pending the issuance of final rules" regarding ICS "which could moot or significantly alter the scope of" the challenges that had been brought against the Interim Rate Order in that case. *See* D.C. Cir. Case No. 13-1280, Doc. 1526582, p. 1. Less than a week later, the D.C. Circuit granted that request, *see* D.C. Cir. Case No. 13-1280, Doc. 1527663. This Court believed the FCC had already provided sufficient guidance to aid this Court's adjudication of the instant case, and was rather skeptical of the notion that the related proceedings before the FCC and the D.C. Circuit would be resolved any time soon. *See* Doc. 36, pp. 5–7. Accordingly, on January 29, 2015, this Court entered an Order denying Securus's request to stay the instant lawsuit. *See id.*

On November 5, 2015, the FCC issued a Second Report and Order and Third Further Notice of Proposed Rulemaking ("Second Rate Order") on ICS—the aforementioned "final rules" foreshadowed in the FCC's December 10, 2014 motion in the D.C. Circuit—which prompted another appeal to the D.C. Circuit. *See* D.C. Cir. Case No. 15-1461, Doc. 1595333. The Second Rate Order turned out not to be so "final" after all, as on August 9, 2016 the FCC released an Order on Reconsideration ("Third Rate Order"), *see* D.C. Cir. Case No. 15-1461, Doc. 1629773, pp. 10–45, which predictably spawned yet another appeal to the D.C. Circuit, *see* D.C. Cir. Case No. 16-1321, which is also being held in abeyance pending that Court's disposition of the appeal from the Second Rate Order, *see* D.C. Cir. Case No. 16-1321, Doc. 1644302.

As for that appeal from the Second Rate Order—on June 13, 2017, a little less than one month ago, the D.C. Circuit issued its Judgment in that case, vacating certain provisions in the Second Rate Order and remanding to the FCC for further proceedings with respect to certain matters. *See* D.C. Cir. Case No. 15-1461, Doc. 1679362. All four of the instant Motions were filed before the D.C. Circuit issued its June 2017 decision, and subsequent briefing on all four Motions discusses the extent to which that decision impacts their resolution. The parties agree that to whatever extent that decision concerns the instant case, it is binding on this Court in the same manner it would be if the Eighth Circuit had issued it. *See* 28 U.S.C. § 2342(1) (vesting "exclusive jurisdiction" in "[t]he court of appeals (other than the United States Court of Appeals for the Federal Circuit)" to "enjoin, set aside, suspend (in whole or in part), or to determine the validity of . . . all final orders of the [FCC]"); 28 U.S.C. § 2112 (requiring the multidistrict litigation panel to consolidate into one circuit such appeals of FCC orders that are lodged in multiple circuits); *Peck v. Cingular Wireless, LLC*, 535 F.3d 1053, 1057 (9th Cir. 2008) (the appellate panel reviewing challenged FCC regulations "remains the sole forum for addressing the validity of the FCC's rules," and its analysis is binding on all district courts around the country (internal quotation marks and alterations omitted)). But unsurprisingly, the parties have widely divergent views on the extent to which the D.C. Circuit's decision last month concerns the instant case in the first place.

Many different matters were discussed in the D.C. Circuit's majority opinion in that case, but three issues of direct relevance to the instant case are: (1) its holding that the FCC's "categorical exclusion of site commissions from the calculus used to set ICS rate caps" in the Second Rate Order was arbitrary and capricious "because site commissions

obviously are costs of doing business incurred by ICS providers," *Global Tel*Link*, 859 F.3d at 55–57 (D.C. Cir. 2017); (2) its holding that the FCC's use of industry-wide average costs in setting rate caps "was not the product of reasoned decisionmaking," *see id.* at 57–58; and (3) its holding that although the FCC has authority to cap ancillary fees for interstate calls but not for intrastate calls, the Court could not "discern from the record whether ancillary fees can be segregated between interstate and intrastate calls" because the FCC had unlawfully capped ancillary fees for *all* calls without distinguishing between inter- and intrastate calls, *see id.* at 58. The classes this Court certified in the instant case are defined with reference to deposit fees that class members paid to fund prepaid accounts, and also with reference to site commissions that Securus paid correctional facilities. *See* Doc. 187, pp. 20–21.

As the Court discussed with the parties during a pretrial conference that was held on July 7, 2017, this Court's initial impression is that the majority opinion's reasoning in the June 2017 D.C. Circuit case would appear to cast serious doubt onto the viability of the theory of liability as to site commissions that Plaintiffs advanced in support of class certification earlier this year. Plaintiffs disagree with that interpretation of the D.C. Circuit's decision, but even Plaintiffs would surely agree that, at a minimum, that decision has dramatically altered the legal landscape on the eve of trial in this matter. By the Court's arithmetic, the deadline to file a petition for rehearing *en banc* from that decision is Friday, July 28, 2017—the fifth day of the trial in the instant matter. *See* Fed. R. App. P. 35(c); 40(a)(1)(B). The Court has no way of knowing now whether a petition for rehearing *en banc* will actually be filed or granted, and much less of knowing whether an *en banc* rehearing would result in a reversal of the June 2017 decision; but given that a

definitive resolution to the first of this chain of contingencies will likely occur before our instant trial is presently set to conclude, it appears to this Court that the most prudent course at this point is to stay all proceedings in this case. Otherwise, this Court runs the risk of issuing dispositive or semi-dispositive rulings and conducting a 2-week trial in reliance on legal authority whose binding effect is called into significant doubt before the trial is even concluded, potentially opening the door for burdensome motion practice on reconsideration of prior orders and even for a new trial. This would not be an efficient use of judicial resources for the Court or for the parties, and it would expose all parties to an unnecessary risk of harm. *See United Fire & Cas. Co. v. Evers & Whatley Elec., Inc.*, 2007 WL 1793576, at *3 (W.D. Ark. June 19, 2007) (Court has general power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); *Georgia-Pac. Consumer Prods., LP v. Myers Supply, Inc.*, 2009 WL 256109 (W.D. Ark. Feb. 3, 2009) (Court must weigh competing interests and potential harms to parties when considering whether to enter a stay).

## II. CONCLUSION

**IT IS THEREFORE ORDERED** that the Court will **DEFER RULING** on all pending motions in this case, and will **ADMINISTRATIVELY STAY ALL PROCEEDINGS** in this case until the resolution of any petition for rehearing *en banc* that may be filed in the case of *Global Tel*Link v. FCC*, 859 F.3d 39, 55–57 (D.C. Cir. 2017).

**IT IS FURTHER ORDERED** that the parties shall immediately notify this Court upon learning either that such a petition for rehearing *en banc* has been filed or that the deadline for such filing has passed. In the event that such petition is filed, then the parties

shall further immediately notify this Court upon learning that the D.C. Circuit has ruled on such petition.

 **IT SO ORDERED** on this 11th day of July, 2017.

 _/s/ Timothy L. Brooks_____
 TIMOTHY L. BROOKS
 UNITED STATES DISTRICT JUDGE